# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT COLUMBUS

WESLEY COONROD,

        Petitioner,     :    Case No. 2:14-cv-839

  - vs -                              District Judge Michael H. Watson
                                        Magistrate Judge Michael R. Merz

WARDEN, Madison Correctional
Institution,

                                 :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 25) to the Magistrate Judge's Report recommending dismissal with prejudice (the "Report," ECF No. 23). Judge Watson has recommitted the matter for reconsideration in light of the Objections (ECF No. 26).

Petitioner raises two Objections which will be discussed seriatim.

> **OBJECTION # 1:** The Report and Recommendations mischaracterized Mr. Coonrod's cited United States Supreme Court precedent in support of his right to an impartial jury as guaranteed by the Sixth Amendment. The state trial and appellate courts failed to adhere to this clearly established Supreme Court precedent in removing the lone holdout juror after the commencement of deliberations.

(ECF No. 25, PageID 3516, citing Report, ECF No. 23, PageID 3501.)

Coonrod's First Ground for Relief asserts he was deprived of a fair trial when the trial judge removed a deliberating juror without just cause. The Report concluded the Ohio Fourth

1

District Court of Appeals decided this claim on the merits and that decision was entitled to deference by this Court unless Coonrod could show that the "decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court." (Report, ECF No. 23, PageID 3498, citing 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); and *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000)). The Report stated that "Petitioner cites no such [clearly established Supreme Court] precedent, . . ." (ECF No. 23, PageID 3501.)

Coonrod objects to this statement, noting that his Traverse "cited to *Morgan v. Illinois,* 504 U.S. 719, 727 (1992) for the precedent that a defendant is entitled to an impartial jury." (Objections, ECF No. 25, PageID 3517.) Because of this "initial flawed position," Coonrod argues the Magistrate Judge further "failed to address the merits of Mr. Coonrod's Sixth Amendment argument. . . ." *Id.*

*Morgan v. Illinois* was before the Supreme Court on certiorari from the Supreme Court of Illinois. Justice White stated the question to be decided as follows:

> We decide here whether, during voir dire for a capital offense, a state trial court may, consistent with the Due Process Clause of the Fourteenth Amendment, refuse inquiry into whether a potential juror would automatically impose the death sentence upon conviction of the defendant.

*Id.* at 721. Having posed that as the determinative question, the Court held (6-3) that the Due Process Clause did require appropriate "life-qualifying" or "reverse-*Witherspoon*"[1] question on demand.

Along the way to this conclusion, Justice White noted:

---

[1] In *Witherspoon v. Illinois*, 391 U.S. 510 (1968), the Court held a capital jury could be "death qualified" by excluding persons who would automatically vote against the death penalty regardless of the facts of the case.

2

> [W]e recognized in *Irvin v. Dowd*, 366 U.S. 717, 6 L. Ed. 2d 751, 81 S. Ct. 1639 (1961), and in *Turner v. Louisiana,* 379 U.S. 466, 13 L. Ed. 2d 424, 85 S. Ct. 546 (1965), that the Fourteenth Amendment's Due Process Clause itself independently required the impartiality of any jury empaneled to try a cause: . . .

*Id.* at 726. In support, Justice White quoted a lengthy passage from *Irwin* which in turn cited Coke on *Littleton* and Chief Justice Marshall from the trial of Aaron Burr on the importance of impartiality. Thus Coonrod is correct that *Morgan v. Illinois* supports the proposition that the jury must be impartial although it is far from the first Supreme Court case to support that proposition.

However, *Morgan v. Illinois* contains no discussion, much less a holding, on what steps a court must take to remove a deliberating juror whose impartiality has been questioned by the jury foreman. Indeed, it has no discussion of removing seated jurors at all, but is instead focused on required questions in voir dire to assure an impartial jury.

Thus *Morgan v. Illinois* does not contain "clearly established law" on the question of removing a deliberating juror. The Supreme Court just last term in *Woods v. Donald,* 575 U.S. ___, 135 S. Ct. 1372, * 1376; 191 L. Ed. 2d 464 (2015), wrote "[w]e have explained that "'clearly established Federal law' for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions.," citing *White v. Woodall,* 572 U. S. ___, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698, 704 (2014).

Even if this Court could not find Supreme Court precedent clearly establishing law on the question of removing a deliberating juror, it might happen that the Sixth Circuit would find such law. This Court would be obliged to follow the Sixth Circuit unless the Supreme Court found otherwise. Coonrod cites several Sixth Circuit cases in his Objections.

In *Wolfe v. Brigano,* 232 F.3d 499 (6th Cir. 2000), the Sixth Circuit dealt with an

3

erroneous failure by a trial judge to remove a biased juror during voir dire. It did identify a relevant holding of the United States Supreme Court in *United States v. Martinez-Salazar*, 528 U.S. 304 (2000), but that holding was about the options a defendant has for preserving a Sixth Amendment challenge to a juror during voir dire. It cited *Morgan v. Illinois* for the proposition that a defendant is entitled to an impartial juror, but not for its holding or anything to do with removing a juror during deliberations.

In *United States v. Patterson,* 587 Fed. App'x 878 (6th Cir. 2014), the court upheld removal of a deliberating juror over a dissent by Chief Judge Cole. However, neither the majority nor the dissent purported to identify any relevant "clearly established" Supreme Court holding. Indeed, there would have been no occasion to do so because Patterson was on direct appeal and the deferential language of 28 U.S.C. § 2254(d)(1) was not in issue. The other precedent cited in the lengthy quotation from *Patterson* incorporated in the Objections contains several citations to circuit court decisions on direct appeal (ECF No. 25, PageID 3521-22).

Thus there is no "clearly established Federal law, as determined by the Supreme Court of the United States," on the question of what steps must be taken to remove a deliberating juror. Because there is no clearly established Supreme Court holding, the Ohio courts' decision in this case cannot have been contrary to nor an objectively unreasonable application of that law.

Coonrod's First Objection is without merit.

> **OBJECTION # 2**: There was insufficient evidence to convict the Petitioner of child endangerment and involuntary manslaughter in violation of Ohio State Law, Ohio Constitutional Law in addition to the Fifth Amendment to the Federal Constitution made applicable to the states by the Fourteenth Amendment.

Coonrod's arguments about the sufficiency of the evidence are sufficiently dealt with in

4

the original Report and do not require further analysis here.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 2, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).