UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Wesley Coonrod,

    Petitioner,

v.

Warden, Madison
Correctional Institution,

    Respondent.

Case No. 2:14–cv–839

Judge Michael H. Watson

Magistrate Judge Merz

## OPINION AND ORDER

On December 16, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. R&R, ECF No. 23. Petitioner filed an Objection to the R&R. Obj., ECF No. 25. The District Judge issued a Recommittal Order, ECF No. 26, and on March 2, 2016, the Magistrate Judge issued a Supplemental R&R again recommending that the petition for a writ of habeas corpus be dismissed, and that Petitioner be denied a certificate of appealability. Suppl. R&R, ECF No. 27. Petitioner has filed an Objection to the Magistrate Judge's Suppl. R&R. Second Obj., ECF No. 28.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, the Court **OVERRULES** Petitioner's Objections, ECF Nos. 25 and 28, **ADOPTS** the R&R, ECF No. 23, and Supplemental R&R, ECF No. 27. The Court **DISMISSES** this action. The Court

also **DENIES** Petitioner's request for a certificate of appealability and to proceed *in forma pauperis* on appeal.

This case involves Petitioner's convictions after a jury trial on child endangering and involuntary manslaughter. Petitioner was sentenced to an aggregate term of twenty years in prison. The Ohio Fourth District Court of Appeals affirmed the judgment of the trial court, and the Ohio Supreme Court declined jurisdiction of the appeal. Petitioner also unsuccessfully pursued post-conviction relief. Petitioner asserts that he was denied his right to an impartial jury based on the trial judge's dismissal of Juror Number Five, and that the evidence is constitutionally insufficient to sustain his convictions. The Magistrate Judge recommended dismissal of these claims on the merits.

In Petitioner's Objections to the Magistrate Judge's Supplemental R&R, Petitioner first argues that the Magistrate Judge erroneously determined that there is no United States Supreme Court precedent addressing his claim that the trial court improperly dismissed Juror Number Five so as to entitle him to relief. Petitioner acknowledges that the United States Supreme Court has not issued a decision regarding the removal of a deliberating juror; however, referring to *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007), Petitioner argues that the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, does not require application of identical fact patterns from Supreme Court precedent for habeas corpus relief. Petitioner again argues that *United States v. Patterson*, 587 F. App'x 878 (6th Cir. 2014), supports his claim that the trial court

deprived him of his right to an impartial jury in violation of the Sixth Amendment. Petitioner maintains that the record establishes that the trial court unreasonably applied general law of the United States Supreme Court regarding the right to an impartial jury.

Under 28 U.S.C. § 2254(d)(1), Petitioner must establish that state court contravened or unreasonably applied "clearly established Federal law, as determined by the Supreme Court of the United States" in order to obtain relief. "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta" of the Supreme Court. *Woods v. Donald*, 575 U.S. --, 135 S. Ct. 1372, 1376 (2015) (citing *White v. Woodall*, 572 U.S. --, 134 S. Ct. 1697, 1702 (2014)). In view of the lack of precedent from the United States Supreme Court on the issue of removing a deliberating juror, Petitioner has failed to establish he is entitled to relief on his claim that he was denied the right to an impartial jury based on the trial judge's removal of Juror Number 5.

Petitioner also complains that the Magistrate Judge did not re-evaluate or supplement his determination on Petitioner's claim of insufficiency of the evidence. Petitioner argues, as he did previously, that "there is a fundamental lack of evidence regarding proximate causation" to support his convictions. This Court is not persuaded by Petitioner's arguments.

Under AEDPA, the state court's decision concluding that the evidence is constitutionally sufficient to sustain Petitioner's convictions is entitled to a double layer of deference.

> First, on direct appeal, "it is the responsibility of the jury-not the court-to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ––––, 132 S. Ct. 2, 181 L.Ed.2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett,* 559 U.S. [559 U.S. 766], 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. --, --, 132 S. Ct. 2060, 2062 (2012) (per curiam).

This is a high hurdle to meet, and for the reasons detailed in the Magistrate Judge's R&R and Supplemental R&R, Petitioner has not done so here.

For these reasons, and for the reasons detailed in the Magistrate Judge's R&R and Supplemental R&R, Petitioner's Objections, ECF Nos. 25 and 28, are **OVERRULED**.

Petitioner seeks a certificate of appealability and requests to proceed *in forma pauperis* on appeal. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing

codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To satisfy that burden, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4). The Court is not persuaded that Petitioner has met this standard here.

Additionally, pursuant to 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith. Federal Rule of Appellate Procedure 24(a)(3)(A) provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith[.]

*Id.* In addressing this standard, another court has explained:

> The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445 . . . (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman,* 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

*Frazier v. Hesson,* 40 F. Supp. 2d 957, 967 (W.D. Tenn. 1999). Further,

> "the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *[United States] v. Cahill–Masching,* 2002 WL 15701, [at] *3 (N.D. Ill. Jan .4, 2002). "[T]o determine that an

appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F. 3d 626, 631 (7th Cir. 2000).

*Penny v. Booker*, No. 05–70147, 2006 WL 2008523, at *1 (E.D. Mich. July 17, 2006). Thus, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith.

Therefore, the Court **OVERRULED** Petitioner's Objections, ECF No. 25 and 28. The Court **ADOPTS** the R&R, ECF No. 23, and Supplemental R&R, ECF No. 27, and **DISMISSES** this action.

The Court also **DENIES** the Petitioner's request for a certificate of appealability and to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT